

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. T. M. Trimble
First Assistant
Department of Education
Austin, Texas

Dear Sir:

Opinion No. O-7217
Re: Under the given facts would
the proposed arrangement to
raise the tax rate from $1.00
to $1.50 on the $100.00 valua-
tion and reduce the property
valuation for tax purposes to
that of the county, disqualify
the Luling schools for State
aid?

Your letter of April 12th. requesting an opinion
on the above subject reads as follows:

"Attached is a letter which I have received
from Mr. Roland A. Box, Superintendent of the
Luling Schools, in which he presents a tax
problem in that district. Your consideration
and opinion on this question will be greatly
appreciated.

We also quote below the letter you received from
Mr. Box, Superintendent of the Luling Public Schools:

"For the past two years the Luling In-
dependent School District has had its own tax
assessor and used the county collector to collect
its school taxes. Under this plan the school
district has had a valuation on the property of
this district of 60% of its true value which was 50%
greater than the value used by the county and state
on the same property.

"Since the school board has had considerable trouble in securing its own assessor of taxes and since the cost of having a school assessor and collector of taxes would be considerably more than it would be if the county assessor and collector did the assessing and collecting of the school taxes, the school board would like to have an election in the school district and raise their tax rate for school purposes from $1.00 to $1.50 on the $100.00 valuation and use the same value on property within the district as that used by the county and state.

"Our application was accepted for State Aid this year. One of the provisions under which a school can qualify for State Aid is that its tax rate or property valuation has not been reduced in the past two years. Would this proposed arrangement to raise the tax rate from $1.00 to $1.50 on the $100.00 valuation and reduce our property valuation for tax purposes to that of the county disqualify the Luling Schools for State Aid?

"I would like to have a definite opinion on this as soon as possible as the school board is waiting for this reply."

The second paragraph of Section 2, Article 1 of Senate Bill 167, Ch. 361, 49th Legislature, 1945, R. S., commonly known as the Current Rural Aid Bill, provides as follows:

"No school district will be eligible for aid under the provisions of this Act which has reduced its tax rate within the two years immediately preceding the year for which aid is applied for hereunder, or which has reduced its tax valuation in order to show budgetary need.

In our Opinion No. 0-7096, written by Mr. L. P. Llewellen, Assistant Attorney General, on March 16, 1946, we had the following fact situation under consideration:

"During the summer of 1944, prior to the opening of the 1944-45 school term, the Talpa School District No. 50 of Coleman and Runnels County voted to raise all valuations 50% throughout the district, effective for the one year only. At the time of this action, Talpa was dropping to a five teacher school due to a decrease in scholastics; so in order to maintain an accredited high school, the above action was taken. But before the beginning of the 1945-46 term, the district voted to raise the tax rate 50% (from $1.00 to $1.50) and let the valuation drop back to the figures prior to their 1944-45 action. I would like to secure an opinion from your office establishing the legality of the assessed valuation and the tax rate of the Talpa District in relation to the ultimate effect on the eligibility of Talpa as it applies to Art. 1, Sec. 2 and paragraph 2 of the Rural Aid Law.

"The Talpa Board of Trustees, after an election was held and carried to raise the rate from $1.00 to $1.50, dismissed their assessor and collector and authorized the county assessor-collector to assess and collect their school tax on the basis of county valuation and at the $1.50 rate.

"The amount of tax raised by the prior tax system on the prior valuations amounted to $11,655.84 (100% collection). The amount of taxes to be collected this year at the $1.50 rate but with the reduced valuation is $11,953.65 (100% collection). You can see that the change has resulted in a slight increase in the revenue of this year over that of last year. The school also saves the extra expense of the assessing and collecting. . ."

In answering this question, the Department held as follows:

"The County Superintendent's letter above quoted reveals there will be a slight increase in revenue this year over that of last year. This increase (based on 100% collection) will result from the raise in the tax rate on the reduced valuation. In view of these facts, it is the opinion of this department that the tax valuation of said school district was not reduced 'in order to show budgetary need'. Neither is its eligibility for equalization aid affected thereby."

If the proposed plan of the Luling Independent School District is followed and the amount of taxes due the District shown by the County roll for 1946 is less than the amount of taxes due the district as shown by the tax rolls of the district for 1945, we are not prepared to say that the valuations for 1946 have not been reduced, the effect of which would be to show budgetary need since the action of the Board in having the district taxes assessed by the County assessor was its voluntary act; however, if such proposed plan is adopted and the tax rolls of the county reflect that the amount of taxes due the district for 1946 equals or exceeds the amount of taxes due the district for 1945, as shown by the tax rolls of the district for said year, we are not prepared to say that such plan would have the effect of disqualifying the district from receiving State aid under the provisions of the statute heretofore quoted.

Trusting the above fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

signed:

By

E. M. DeGeurin
Assistant

EMDeG:bt; ddt

Approved
Apr 27, 1946
  signed:
Wm. J. Fanning
Acting Attorney
General of Texas

Approved
Opinion
Committee
By B. W. B.
Chairman